## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN TEAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.  00-CV-731-DRH |
| | ) | |
| E. MAYO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are defendants' motions to dismiss and for summary judgment (Doc. Nos. 33, 34). Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, challenging the constitutionality of the conditions of his confinement at Menard Correctional Center. In his Amended Complaint, he claims that defendants Mayo, Taylor, and Cowen inflicted excessive force, deprived him of medical attention in segregation, made threats against his life, and failed to promulgate and enforce rules and policies to protect him from harm in violation of his Eighth Amendment right to be free from cruel and unusual punishment (Count I). He also claims that these defendants failed to provide access to basic procedures for resolving grievances in violation of rights guaranteed by the due process clause of the Fourteenth Amendment (Count II).

Defendants Mayo and Taylor seek dismissal and/or judgment in their favor on Count II and some aspects of Count I. They argue that some of the allegations fail to describe a constitutional deprivation or seek relief barred by sovereign immunity, the applicable statute of limitations, or qualified immunity. They also argue that some aspects of plaintiff's claims were filed before plaintiff exhausted his administrative remedies. The motions are opposed.

As a threshold matter, the Court notes that the defendants submitted evidence with their reply

(Doc. No. 46). Because sur-replies are not allowed, plaintiff did not receive an opportunity to respond to this evidence; it has not been considered.

## Motion to Dismiss

A claim will be dismissed under Rule 12(b)(6) if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (citing *Conley v. Gibson*, 355 U. S. 41 (1957). For purposes of this motion, the Court assumes the truth of plaintiff's allegations and makes all possible inferences in his favor.

<u>Failure to State a § 1983 Claim</u>. With respect to Count I, a successful § 1983 claim based on a violation of the Eighth Amendment requires (1) harm that is objectively, sufficiently serious and (2) allegations that the individual defendants were deliberately indifferent to plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiff has described four acts and omissions in support of his Eighth Amendment Claim. If some of those acts or omissions stood alone, they would not describe cruel and unusual punishment. The allegations do not stand alone; rather, they are linked to other allegations that support an Eighth Amendment claim. Specifically, plaintiff alleges facts suggesting that these defendants were personally involved in the malicious or sadistic infliction of excessive force. *Hudson v. McMillian*, 501 U.S. 1, 6-7 (1992). Because at least some of plaintiff's allegations support an Eighth Amendment claim, Count I states a claim for relief and should not be dismissed.

With respect to Count II, any "right" plaintiff has to a grievance process is a state-created procedural right only, not a substantive right. Hence, the Illinois prison grievance procedure does not create a protected liberty interest requiring the procedural safeguards of the Fourteenth Amendment. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Quinlan v. Fairman*, 663

F.Supp. 24, 27 (N.D. Ill. 1987). Count II should be dismissed for failure to state a claim for relief.

Sovereign Immunity. Defendants argue that some of the omissions described in Count I must be construed as a suit against them in their official capacities and dismissed as barred by the Eleventh Amendment. Because the Amended Complaint clearly states that these defendants are sued in their individual and official capacities, the proposed construction is unnecessary. Official capacity claims against state employees make the State of Illinois an interested party. Because the State of Illinois is not a "person" subject to a damages action under § 1983, the official capacity damage claims present a statutory deficiency. Plaintiff's damage claims against the defendants in their official capacities should be dismissed on this basis, mooting the Eleventh Amendment argument. *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000).

Statute of Limitations. Defendants argue that the remedy sought in part of Count I violates the two-year limitation period. Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). In Illinois, such claims are governed by the two-year statute of limitations applicable to personal injury actions. 735 Ill. Comp. Stat. 5/13-202; *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). Claims in an Amended Complaint that arise out of the events described in the original Complaint relate back to the date of the original pleading. Fed. R. Civ. P. 15(c)(2).

Count I pertains to events that occurred in 1999, and plaintiff filed his Eighth Amendment claim against defendants Taylor and Mayo in September, 2000. Because the events related in Count I of the Amended Complaint arise out of the events described in the original Complaint, the Court is not persuaded that the Eighth Amendment claim against these defendants is barred by the two-year limitation period.

Qualified Immunity. Defendants argue that they are immune from an award of damages based on some of the allegations supporting Count I. When a qualified immunity defense is asserted

in a motion to dismiss, the plaintiff can prevent the defendant from making a quick exit from suit by demonstrating that (1) the conduct alleged in the complaint sets forth a constitutional violation and (2) the constitutional standards were clearly established at the time of the alleged violation. *Khuans v. School District 110*, 123 F.3d 1010, 1013 (7th Cir. 1997). Because the Eighth Amendment claim asserted in Count I states a constitutional deprivation under a standard that was well-established in 1999, the qualified immunity defense is rejected at this time.

## Motion for Partial Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

<u>Failure to Exhaust Administrative Remedies</u>. Defendants concede that plaintiff exhausted administrative remedies with respect to a portion of Count I. They claim that he did not do so with respect to all of the issues raised, specifically allegations regarding offensive comments and medical treatment.

Although exhaustion of administrative remedies is a precondition to suit, 42 U.S.C. § 1997e(a); *Massey v. Helman*, 259 F.3d 641, 645-46 (7th Cir. 2001), failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving, *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). In order to properly exhaust, a prisoner must submit inmate complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Illinois regulations allow an

inmate convicted of a disciplinary violation to appeal through the prison grievance procedure. 20 Ill. Admin. Code §§ 504.800 - 504.870. The procedures provide that a grievance officer will review the claim and make a recommendation to the Chief Administrative Officer (Warden), who then makes a decision. If the prisoner is still dissatisfied, he may appeal to the Director of the Illinois Department of Corrections. The regulations specify that "[t]he Director shall review the grievance and the responses of the Grievance Officer and the Chief Administrative Officer and shall determine whether the grievance requires a hearing before the Administrative Review Board."

The materials on file show that plaintiff filed a grievance pursuant to this procedure in July, 1999, and appealed the decision to the Administrative Review Board and the Director of the Illinois Department of Corrections, which did not reject his arguments on procedural grounds but granted a remedy by remanding disciplinary proceedings for rehearing (Doc. No. 45, Ex. 1). In light of this evidence, the Court is not persuaded that the defendants are entitled to judgment on their affirmative defense.

<u>Failure to Provide Medical Care</u>. These defendants also argue that they are entitled to judgment in their favor on the medical care aspect of Count I. They rely on plaintiff's testimony regarding his access to medical care on about July 16, 1999. At his deposition, plaintiff testified that "Sargent Mayo and them took me over to the hospital and had a doctor check me out." He explained that he was taken to the segregation unit after he was released from the hospital, and described the events in segregation as follows:

> And I'm laying there – I was standing up there and I felt something warm running down my leg. It was blood. And I start kicking the door, you know. Nobody heard me. So the way I played it off, in order to get somebody's attention, I put a sheet around my neck and I sat down over by the toilet with it tied on the bed like I was hanging myself. And the inmate that was working in seg, he saw it. So he called the officers in and said, Teague's hanging himself, which I wasn't hanging. That never run across my mind to do something to myself. I was just trying to get some attention where I could get to the hospital because I'm bleeding out of my rectum, you know. So about four officers came, opened the door up, snatched me out of the

cell, took me over to the hospital.

(Doc. No. 45, Ex.7A, p. 10). Plaintiff went on to explain that he was initially evaluated by a psychiatrist, who admitted him to the hospital. He was examined by a medical doctor, who prescribed treatment for possible hemorrhoids. Following further evaluation and tests, a doctor observed a "bump" in his rectum and thought plaintiff might have hemorrhoids. Plaintiff believes he suffered a traumatic injury that was misdiagnosed.

In order to establish a violation of the Eighth Amendment on the issue of medical care, plaintiff must show that he had a serious medical need and that the defendants were deliberately indifferent to his need for medical assistance. *Estelle v. Gamble*, 429 U.S. 97 (1976). Because the facts described by plaintiff could not support a finding that Taylor or Mayo responded to plaintiff's serious medical needs with deliberate indifference, these defendants are entitled to judgment in their favor on the medical care aspect of plaintiff's Eighth Amendment claim.

## Conclusion

IT IS RECOMMENDED that the motion to dismiss filed by defendants Taylor and Mayo (Doc. No. 33) be GRANTED in part and DENIED in part. Count II of the Amended Complaint and plaintiff's official capacity claims for damages should be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that the motion for partial summary judgment filed by defendants Taylor and Mayo (Doc. No. 34) be GRANTED in part and DENIED in part. Judgment should enter in favor of these defendants on the medical care portion of Count I.

SUBMITTED:   August 8, 2005   .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**