## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN TEAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.   00-CV-731-DRH |
| | ) | |
| E. MAYO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Roger Cowan's motion to dismiss (Doc. No. 57).  Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, challenging the constitutionality of his confinement at Menard Correctional Center.  In Count I of his Amended Complaint, plaintiff alleges that defendant Cowan deprived him of necessary medical attention and failed to promulgate policies and enforce rules that would have protected him from harm in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  In Count II, plaintiff alleges that defendant Cowan failed to provide access to basic procedures for resolving grievances in violation of rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment.

Defendant Cowan argues that relief on these claims is barred by the applicable statute of limitations, sovereign immunity, or qualified immunity.  He also argues that Count I fails to state a claim for relief due to missing allegations of personal involvement in a medical care deprivation and that Count II fails to describe a deprivation of due process or equal protection.  The motion is opposed (Doc. Nos. 61, 64).

### I.     Standard

A claim will be dismissed under Rule 12(b)(6) if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (*citing Conley v. Gibson*, 355 U. S. 41 (1957). For purposes of this motion, the Court assumes the truth of plaintiff's allegations and makes all possible inferences in his favor.

### II.    Statute of Limitations

Defendant argues that plaintiff's claims violate the two-year limitation period. Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). In Illinois, such claims are governed by the two-year statute of limitations applicable to personal injury actions. 735 Ill. Comp. Stat. 5/13-202; *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). The limitations period is tolled while a prisoner exhausts administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).

Plaintiff alleges that he was harmed by defendant Cowan on or about July 16, 1999. On August 24, 2000, plaintiff prepared a motion for appointment of counsel. After pursuing administrative remedies, plaintiff filed suit on September 18, 2000, naming Sargent E. Mayo and Correctional Officer Taylor as defendants. Permission to proceed as a pauper was granted in October, 2000. Following threshold review, the U.S. Marshals Service was appointed to serve process on December 3, 2002.

Two motions seeking appointment of counsel were filed in December, 2002 (Doc. Nos. 5, 6). Those motions were denied without prejudice on January 15, 2003 (Doc. No. 9).

Defendants Taylor and Mayo waived service of process in February, 2003.

Plaintiff filed his third motion for appointment of counsel on September 4, 2003 (Doc. No. 12). That motion was denied on October 10, 2003 (Doc. No. 13).

Plaintiff filed his fourth motion for appointment of counsel on May 10, 2004 (Doc. No. 15). That motion was allowed on May 27, 2004 (Doc. No. 17).

On August 2, 2004, plaintiff submitted his Amended Complaint, proposing to add claims against defendant Cowan. Defendant Cowan waived service on September 1, 2005.

Plaintiff acknowledges that he did not ask this Court to add claims against defendant Cowan to this litigation within two years after he exhausted his administrative remedies. He argues that his claims against Cowan relate back to September 18, 2000 – the date of his original pleading. Alternatively, he urges the Court to find that the limitations period was tolled between August 24, 2000, and May 27, 2004, through application of the doctrine of equitable estoppel.

When claims arising out of the events described in the original Complaint are asserted against a new party in a subsequent pleading, those claims relate back to the date of the original pleading if the requirements of Rule 15(c) are fulfilled. In particular, the Court must find that defendant Cowan received notice of this action within the period prescribed for service of process and knew or should have known that, but for a mistake identifying the proper party, the action would have been brought against him. Fed. R. Civ. P. 15(c)(3).

Plaintiff believes that defendant Cowan received notice of this action when defendants Taylor and Mayo were served. Defendants Taylor and Mayo waived service in February, 2003; however, that fact does not support a finding that defendant Cowan was notified of this action at that time. Moreover, no facts suggest that defendant Cowan knew or should have known that, but for

a mistake, the action would have been brought against him. Cowan had no reason to perceive himself as the target of plaintiff's litigation prior to September 1, 2005, the date he waived service of process. Because the notice and knowledge requirements of Rule 15(c)(3) are not satisfied, plaintiff's claims against defendant Cowan do not relate back to September 18, 2000.

Plaintiff also urges the Court to invoke the doctrine of equitable tolling. In support of this argument, plaintiff attributes his failure to sue defendant Cowan in a timely manner to two factors: his incarceration and his pro se status. He suggests that he would have brought his claims against defendant Cowan in a timely manner if he had received a favorable ruling on his first motion for appointment of counsel, which he prepared in August, 2000.

The doctrine of equitable tolling allows a plaintiff to file a claim after the statute of limitations has expired if he was unable to do so earlier despite the exercise of reasonable diligence. *Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002). Plaintiff's diligence should be considered in light of any dilatory tactics of the defendants. *Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 558 (7th Cir. 1996).

The materials on file do not show that plaintiff's incarceration or pro se status prevented him from filing timely claims against Roger Cowan, the warden of the institution where plaintiff was confined. The fact that plaintiff brought timely claims against defendants Taylor and Mayo strongly suggests that he was not prevented from bringing a timely claim against defendant Cowan as well. The original pleading is supported by documents showing that plaintiff pursued an administrative remedy with defendant Cowan and collected materials supporting his claims. Some of those documents identify defendant Cowan as the warden (Doc. No. 1). Moreover, no facts suggest that defendant Cowan engaged in dilatory tactics. Also, the Court promptly ruled on plaintiff's various

motions seeking appointment of counsel. These circumstances do not demonstrate that, despite due diligence, plaintiff was *unable* to assert a timely claim against defendant Cowan.

In sum, plaintiff exhausted his administrative remedies regarding the claims asserted against defendant Cowan at some point prior to September 18, 2000. He did not assert claims against defendant Cowan within the applicable two year limitations period. The claims asserted against Cowan on August 2, 2004, are barred by the statute of limitations. The doctrine of equitable estoppel does not apply.

### III.   Remaining Arguments for Dismissal

Because plaintiff's claims against defendant Cowan are barred by the applicable statute of limitations, the remaining arguments for dismissal are not addressed.

### IV.   Conclusion

IT IS RECOMMENDED that defendant Cowan's motion to dismiss (Doc. No. 57) be GRANTED. The claims against defendant Cowan in Counts I and II should be dismissed with prejudice. If this recommendation is adopted, plaintiff's Eighth Amendment excessive force claims against defendants Mayo and Taylor (Part of Count I) will remain for trial.

SUBMITTED:   June 12, 2006   .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**