IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN E. TEAGUE,**

**Plaintiff,**

**v.**

**SGT E. MAYO, et al.,**

**Defendants.**                                     No. 00-CV-0731-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is a Report and Recommendation submitted by Magistrate Judge Philip M. Frazier (Doc. 67). Plaintiff objects to the Report and Recommendation (Doc. 68). Based on the following, the Court adopts the Report and Recommendation in its entirety.

On September 18, 2000, John Teague, while an inmate incarcerated at the Menard Correctional Center, filed a *pro se* complaint against Sergeant Mayo and C/O Taylor for deprivations of his constitutional rights pursuant to **42 U.S.C. § 1983** (Doc. 1).[1] Specifically, Plaintiff's complaint alleged that he suffers from degenerative joint disease. Seeking relief from the pain of his condition, Plaintiff asked Sergeant Mayo to take him to the health care unit. Instead of taking him to the health care

---

[1]The record reflects that Teague has been transferred to Pontiac Correctional Center.

unit, Teague claims that Mayo placed him in handcuffs and, accompanied by Correctional Officer Taylor, took him back to his cell.  There, Taylor allegedly held Teague's arms up while Sergeant Mayo burned his legs with a cigarette.  Sergeant Mayo then removed Teague's pants and inserted a broom stick into Teague's rectum.

On May 27, 2004, Magistrate Judge Frazier appointed attorney Kurtis B. Reeg to represent Teague for the final pretrial conference and the trial in this matter (Doc. 17).  On July 2, 2004, Magistrate Judge Frazier held the Final Pretrial Conference and certified the case ready for trial (Doc. 24).  According to the minutes of the Final Pretrial Conference, Judge Frazier allowed Teague thirty days to seek leave to amend his complaint.

On September 30, 2004, the Court granted Teague leave to amend his complaint *instanter* (Doc. 32).  In his Amended Complaint, Teague claims that Defendants Mayo, Taylor and Cowen inflicted excessive force upon him, deprived him of medical attention in segregation, made threats against his life and failed to promulgate and enforce rules and policies to protect him from harm in violation of his Eighth Amendment right to be free from cruel and unusual punishment (Count I).  He also claims that Defendants failed to provide access to basic procedures for resolving grievances in violation of rights guaranteed by the due process clause of the Fourteenth Amendment (Count II).  Thereafter, Defendants Mayo and Taylor filed motions to dismiss and for summary judgment on October 18, 2004 (Docs. 33 & 34).  On March 21, 2005, Teague filed his response to the motion for summary judgment (Doc. 44) and Defendants filed their reply (Doc. 46).

On August 9, 2005, Magistrate Judge Frazier entered a Report and Recommendation pursuant to **28 U.S.C. § 636(b)(1)(B)** (Doc. 47). That Report recommended that the Court grant in part and deny in part Mayo and Taylor's motion to dismiss and grant in part and deny in part Mayo and Taylor's motion for summary judgment. On September 9, 2005, the Court adopted the Report and Recommendation, dismissed with prejudice Plaintiff's damage claims against Mayo and Taylor in their official capacities and Count II of the First Amended Complaint, and granted summary judgment in favor of Mayo and Taylor as to the medical care claim contained in Count I of the First Amended Complaint (Doc. 56).

Thereafter, Cowan filed a motion to dismiss on September 13, 2005 (Doc. 57). Teague filed an opposition to the motion to dismiss on October 14, 2005 (Doc. 61) and Cowan filed a reply (Doc. 64). On June 12, 2006, Magistrate Judge Frazier issued a Report and Recommendation ("the Report") regarding Cowan's motion to dismiss pursuant to **28 U.S.C. § 636(b)(1)(B)** (Doc. 67). The Report recommends that the motion to dismiss be granted and that the claims against Cowan in Counts I and II be dismissed with prejudice as the claims against Cowan are barred by the applicable statute of limitations.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. Plaintiff filed objections to the Report (Doc. 68). Plaintiff contends that the statute of limitations should be subject to equitable tolling and that Magistrate Judge Frazier was wrong in concluding that the doctrine of equitable estoppel does not apply.

Therefore, the Court must undertake de novo review of the portions of the Report to which an objection was made.

## II. Analysis

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. **See Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000)**. A district court may also take judicial notice of matters of public record without converting the pending motion into a request for summary judgment. **See Doherty v. City of Chicago, 75 F.3d 318, 324 n. 4 (7th Cir. 1996)**. A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. **See Swierkiewicz v. Sorema, 534 U.S. 506, 511 (2002); Walker v. Thompson, 288 F.3d 1005, 1007 (7th Cir. 2002)**. Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Conley v. Gibson, 355 U.S. 41, 45-46 (1957)**. The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." **Graehling v. Village of Lombard, Ill., 58 F.3d 295, 297 (7th Cir. 1995)**.

**42 U.S.C. § 1983** does not contain a statute of limitations. The Supreme Court has held that the courts must "select, in each State, the one most appropriate statute of limitations for all § 1983 claims." **Wilson v. Garcia, 471**

**U.S. 261, 275 (1985)**. The proper limitations period for § 1983 claims is the period applicable to "[g]eneral personal injury actions, sounding in tort." ***Id.*, 471 U.S. at 279**. If a state has more than one statute of limitations for personal injury actions, "courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." ***Owens v. Okure*, 488 U.S. 235, 250 (1989)**. It is not appropriate, however, "to apply the catchall periods of limitations for statutory claims that were later enacted by many States." ***Wilson*, 471 U.S. at 278**.

**735 ILCS 5/13-202** is the general statute of limitations for personal injury actions in Illinois. The Seventh Circuit has consistently held that § 1983 actions in Illinois are subject to the two-year limitation period of § 202. ***Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998);** ***Lucien v. Jockish*, 133 F.3d 464, 466 (7th Cir. 1998);** ***Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996);** ***Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992), cert. denied, 113 S.Ct. 1059 (1993);** ***Smith v. City of Chicago Heights*, 951 F.2d 834, 837 n. 1 (7th Cir. 1992);** ***Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989)**. The limitations period is tolled while a prisoner exhaust administrative remedies. ***Johnson v. Riveria*, 272 F.3d 519, 521 (7th Cir. 2001)**.

The doctrine of equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." ***Singletary v. Continental Illinois Nat'l Bank and***

***Trust Co. of Chicago*, 9 F.3d 1236 (7th Cir. 1993).**

Here, Plaintiff contends that the allegations against Cowan and the circumstances of this case warrant an equitable tolling of the statute of limitations. Specifically, Plaintiff contends that at the time he filed the original complaint he was pro se and incarcerated. Thus, his failure to name Cowan was not due to any lack of diligence on his part and that he has diligently pursued this case. Plaintiff contends that Magistrate Judge Frazier "failed to adequately consider the extreme difficulties posed by Plaintiff's incarceration to his investigation into the identities of the individuals officials involved in this incident." (Doc. 68, p. 4). Plaintiff also argues that he would have brought his claims against Cowan in a timely manner if he had received a favorable ruling on his first motion for appointment of counsel. The Court does not agree with Plaintiff and finds that the doctrine of equitable tolling does not apply.

In the case at bar, Plaintiff alleges that Cowan harmed him on or about July 16, 1999. He filed a motion for appointment of counsel on August 24, 2000. After pursuing his administrative remedies, Plaintiff filed suit on September 18, 2000 against Mayo and Taylor (Doc. 1). The Court granted him leave to proceed in forma pauperis on October 2, 2000 (Doc. 3). Thereafter, he filed two motions for appointment of counsel on December 9, 2002 (docs. 5 & 6), which were denied without prejudice on January 15, 2003 (Doc. 9). In September 2003, Plaintiff filed another motion for appointment of counsel (doc. 12) and Magistrate Judge Frazier again denied the motion on October 10, 2003 (Doc. 13). On May 10, 2004, Plaintiff

again moved for appointment counsel (doc. 15), which was granted on May 27, 2004 (Doc. 17). The Court appointed counsel for Plaintiff for the pre-trial conference and trial purposes only. On August 2, 2004, Plaintiff submitted his First Amended Complaint, adding the claims against Cowan.

Moreover, Plaintiff concedes that he did not ask for leave to add claims against Cowan within the two year statute of limitations. The record does not reveal that either Plaintiff's pro se status or his incarceration prevented him from timely filing his claims against Cowan. In fact, the pleadings indicate that he pursued his administrative remedy with Cowan. Identifying the Warden of the prison does not require legal expertise and Plaintiff could have added Cowan at any time without assistance from counsel.[2] Plaintiff has neither demonstrated that despite reasonable diligence he was unable to add Cowan to the pleadings nor demonstrated the difficulties that he encountered that prevented him from amending his pleadings to add Cowan. The Court finds that the claims against Cowan are barred by the applicable two year statute of limitations and that the doctrine of equitable estoppel does not apply.

### III. Conclusion

Accordingly, the Court **ADOPTS** Report in its entirety (Doc. 67). The Court **GRANTS** Defendant Cowan's motion to dismiss (Doc. 57). The Court **DISMISSES with prejudice** the claims against Defendant Cowan contained in

---

[2]As demonstrated by the record, the Court promptly ruled on all of Plaintiff's motions for appointment of counsel.

Counts I and II of the First Amended Complaint.  The Court notes that Plaintiff's Eighth Amendment excessive force claims against Defendants May and Taylor (part of Count I) remain for trial.  The Court **DIRECTS** the Clerk of the Court to set this matter for trial.

    **IT IS SO ORDERED.**

    Signed this 27th day of June, 2006.

/s/      David   RHerndon  
**United States District Judge**
